## Case No. 12,200.

### In re SACCHI.

[10 Blatchf. 29; [1] 4 Chi. Leg. News. 289; 6 N. B. R. 497; 43 How. Pr. 252.]

Circuit Court, E. D. New York. June 4, 1872.

BANKRUPTCY — MORTGAGE — FORECLOSURE — IN WHAT COURT—ASSIGNEE—COSTS.

1. In general, a mortgagee, holding a mortgage on real estate of a bankrupt, should not be

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

permitted to foreclose such mortgage in a state court.

[Cited in note in Re Brinkman, Case No. 1,884.]

2. The courts of the United States have ample power to protect all the rights of the mortgagee.

3. If necessary to secure the equitable rights of a mortgagee, the court in bankruptcy, as a court of equity, may have the rents separated from the general estate of the bankrupt, to be specially applied on the mortgage.

4. The mortgagee, if the validity of the mortgage is not denied, may invoke the summary power of the court, to sell the mortgaged premises; or, if such validity be denied, he may himself proceed, by bill, in the district or circuit court of the United States.

[Cited in Sutherland v. Lake Superior Ship Canal, Railroad & Iron Co., Case No. 13,643.]

5. Circumstances stated, in which proceedings on the mortgage, in the state court, may be allowed.

6. What commissions will not be allowed to an outgoing assignee in bankruptcy.

[In review of the action of the district court of the United States for the Eastern district of New York.

[In the matter of Ernest Sacchi, a bankrupt.]

Andrew C. Morris, for petitioner.
Tracy, Catlin & Van Cott, for assignee.

WOODRUFF, Circuit Judge. The present is an extraordinary appeal to the circuit court. The petitioner for the review of the decision of the district court seeks to remove the assignee in bankruptcy, on the ground of bad faith and mismanagement in his trust, and applies to this court to reverse the order denying his application, in the face of the express decision and opinion of the register in bankruptcy, and of the district judge,—In re Sacchi [Case No. 12,201],—upon the proofs herein, that the assignee would have been derelict in his duty if he had not done substantially what he did. Had it been possible for the assignee to obtain these opinions in advance, upon these same proofs, counsel would hardly have presumed to say that the assignee was guilty of official misconduct calling for his removal, because he acted in accordance with those opinions; and yet this court is asked to condemn him, as guilty of official misconduct, for doing what both the register and the district judge approve. As both of those officers had all the proofs before them which are before me, the claim, on this appeal, that those proofs show wilful misconduct, comes very little short of an attack upon the integrity of the tribunals by whom the proofs were deemed to justify the assignee. Certainly, I ought not to impute wilful misconduct and bad faith to the assignee, because he drew, from the circumstances before him, the conclusions which the register and the district judge approve.

The question here is, not whether, in fact, there was illegality in the mortgages, the

foreclosure of which the assignee resisted, but whether such resistance was fraudulent, malicious or from unjust motive, and not in good faith, for the benefit of the general creditors. However I might conclude, that, upon the whole case, the mortgages were valid, that the holders had a right to an early foreclosure, and that delay, while the rents, if any, passed into the hands of the assignee, operated prejudicially to the holders of the mortgages, this would come far short of holding, that, under circumstances which, under the advice of counsel, were deemed suspicious—circumstances which the register and the district judge have declared suspicious—the assignee was guilty of misconduct calling for his removal, because he acted on the suspicion and sought to bring the inquiry into the proper court for investigation.

But it is not true, that, had the mortgagees seen fit to assert their rights in the mode which was most appropriate, any injustice would have been done to them, nor would unnecessary delay have been permitted to occur, to their prejudice. The purpose and design of the bankrupt law is, to bring the property of the bankrupt into the bankrupt court for administration; and that court is furnished with all needful power to liquidate and settle all liens thereon; and, where there are adverse claims, which it is not appropriate or proper to litigate by summary inquiry and order, provision is made, by giving jurisdiction to the district court concurrently with the circuit court, for that purpose. It is true, that state courts have jurisdiction to entertain bills for the foreclosure of mortgages upon the real estate of a bankrupt, and may, no doubt, properly exercise that jurisdiction, if no objection is made. Special circumstances may sometimes exist, in which there is no reason for objection by the assignee, as, for example, where mortgaged premises are, confessedly, of less value than the mortgage debt,—In re Iron Mountain Co. [Case No. 7,065]; and, where a foreclosure is pending, and the proceedings are nearly completed at the time the proceedings in bankruptcy are commenced, it may sometimes be convenient and economical to suffer the validity of the mortgage, and the amount due, to be settled in the state court; and, even then, whether to permit a sale by the decree of the state court, or not, will be in the discretion of the court in bankruptcy. In general, mortgagees should not be permitted to pursue the estate of the bankrupt in the state court, but should come to the tribunal which, under the federal laws, is charged with its administration. No injustice can result from this. If there be doubt whether the mortgaged premises are an adequate security for the payment of the debt and interest (when finally adjudged due upon a valid mortgage), the court will recognize the prior lien of the mortgage upon the land, and the equitable right of the mort-

gagee to have the rents separated from the general estate of the bankrupt, by a receivership or otherwise, and not permit them to be applied to the payment of other debts, or even to the expenses of the assignee, or his fees; and on the obvious ground that he is only entitled to the interest which the bankrupt has in the premises. Nor will any delay be permitted without just reference to the interests of all who are concerned, the mortgagee as well as other creditors. Nor do I think it doubtful, that, where no just cause for questioning the validity of the mortgage exists, the court in bankruptcy would entertain the summary petition of a mortgagee for the sale of the mortgaged premises, and direct the assignee to make the sale, either free of all liens, or subject to the mortgage, as might be deemed judicious. Nor, if the assignee disputed the validity of the mortgage, is it doubtful, that, under the jurisdiction declared in the second section of the bankrupt law, the mortgagee may proceed by bill, in either the district or circuit court. It is, therefore, an error, to insist that the mortgagee, if not permitted to proceed in the state court, is remediless, or that he must await the pleasure of the assignee, and suffer him to collect the rents and income of the mortgaged premises, leaving the interest unpaid.

I can see, I think, that it was either misapprehension on this subject, or a disregard of these views, that led the mortgagees in this case into the state court after the bankruptcy, and after the appointment of the assignee, and that the resistance to any withdrawal of the administration from the bankruptcy court, the proper tribunal, has resulted in bitter personal feeling, in great and unnecessary delay, and in large expenses and possible loss, which might have been easily avoided.

It further appears, that, pending the controversy, the petitioner for the review has become the sole creditor of the bankrupt, (other than two prior mortgagees of the premises in question,) and that no property of the bankrupt has come to the assignee, except the mortgaged premises. The bankrupt united in the petition for the substitution of an assignee to be named by the petitioner, as such sole creditor. The assignee, by his counsel, on the argument of this review, declared his entire assent to such change. There is, therefore, no reason why the prayer of the petitioner, to that extent, should not be granted, the present assignee being allowed, out of any moneys collected, his just and reasonable disbursements, and his commissions upon the moneys received and paid or to be paid. But, it would not be just or reasonable to allow him, as was suggested on the argument, commissions based upon the speculative idea, that, possibly, if continued in office, and permitted, for the mere purpose of earning commissions, to litigate the validity of the mortgages, against the

will of all who are interested in that question, he might establish their invalidity. The bankrupt law was not enacted for the purpose of enabling assignees to earn fees by unnecessary litigation, when no interest of the parties to be affected thereby requires it, and when, on the contrary, every beneficial interest involved forbids it.

Had it, therefore, appeared, that, upon the conceded fact, that there are no general creditors but the petitioner, and, therefore, no interest is to be served by further contest respecting the mortgages, (the bankrupt himself uniting in the petition,) the district court had refused to substitute such other assignee, there might have been reason for asking this court to review the decision. But it appears, by the opinion of the district judge, that the petitioner declined to take such substitution unless it proceeded upon other grounds; and this was conceded on the argument in this court. This, however, does not appear by the order which was made and which is under review. It ought, I think, to have been made a part of the order, lest there should stand on the record an adjudication that the petitioner was not entitled, upon conceded facts, to have any part of the relief sought. The mere fact that the petitioner, under the advice of his counsel, thought himself entitled to a removal of the assignee on the other ground, ought, probably, not to deprive him of the opportunity to bring the matter to a close without further litigation.

Let an order be made, that the assignee convey the estate of the bankrupt to such assignee as the petitioner and the bankrupt may name, or, if they do not agree, to refer it to Register Winslow to receive the nomination of the petitioner, and, if he approve such nomination, then to the assignee so approved, but reserving to the present assignee all moneys collected by him, until his just allowance for his expenses and for his commissions thereon shall be settled in such manner as the district court may direct.