## Case No. 7,851.

### In re KIRTLAND.

### [10 Blatchf. 515.] [1]

Circuit Court. S. D. New York. March 3, 1873.

BANKRUPTCY—SALE OF LAND—LIEN.

1. The question as to what is proper notice to a person holding a lien on land of a bankrupt, of an application, by the assignee of the bankrupt, for leave to sell the land free from the lien, and transfer the lien to the proceeds of sale, considered.

2. The district court has power, under section 20 of the bankruptcy act [of 1867 (14 Stat. 526)], to order such a sale.

3. Such an order may be made by such court, in the exercise of its summary jurisdiction, under the act, provided the order does not assume to provide, without the consent of the lien holder, for a determination, in a summary way, and without a regular suit, as to the validity of the lien.

[Cited in Sutherland v. Lake Superior Ship Canal, R. & I. Co., Case No. 13,643; Ray v. Norseworthy, 23 Wall. (90 U. S.) 135.]

4. Such an order should not authorize a sale of the land at private sale, for a sum less than the amount claimed to be due to the claimant of the lien, nor a sale upon credit, without the knowledge or consent of the lien holder, unless the price and terms of sale be first submitted to the court, on notice to the lien holder, for approval and confirmation, but it may authorize public sales, not on credit, on notice to the lien holder.

[Cited in Ray v. Norseworthy, 23 Wall. (90 U. S.) 135; Re Mead, 58 Fed. 312.]

[In review of the action of the district court of the United States for the Southern district of New York.]

This was a petition by Frederick Butterfield, for the review and reversal of an order directing the assignee to sell certain real estate, which the petitioner claimed to own, subject to the right of the bankrupt [Frederick S. Kirtland] to redeem the same by the payment of certain moneys due to the petitioner.

Andrew Boardman, for Butterfield.
Thomas M. North, for assignee.

WOODRUFF, Circuit Judge. (1) There was no want of jurisdiction in the district court to entertain the application for an order of sale and proceed upon such application. Without conceding that the power of the court to proceed in the settlement of the estate of a bankrupt, and the disposition of the property, can be hindered by the absence, in Europe, of one who has a lien thereon, or that such power to sell free of any lien, or subject to the lien, can be so delayed by rea-

son of such absence, it is sufficient, in this case, to say, that it appears that the petitioner, claiming an interest in the lands in question, being communicated with on the subject, referred the parties in interest to Messrs. Boardman & Boardman, attorneys and counsellors at law, as his agents and attorneys in the premises. The court ordered notice of the application to be served upon them. They appeared for Butterfield, and answered the application for the order to sell the lands, and were fully heard on the subject. This was sufficient.

(2) On the merits. There is no doubt of the power of the court to order a sale of lands free of the incumbrances thereon; and the proceeds will stand as a substitute for the lands themselves, for the benefit of those holding liens, to the extent of their interest therein, and, as to the surplus, for the benefit of the general creditors. Bankrupt Act, § 20.

It is, also, clear, that, taking the account given in the answer of Butterfield to be true, his interest in the lands is a lien only. He does not hold the legal title, and his possession of the deeds, under the agreement which he alleges, gives to the bankrupt and his assignee a right to redeem by paying the sum of $10,000, with interest. At most, he has, therefore, a mortgage, in equity, to secure the payment of that amount.

Had this proceeding been taken for the purpose of contesting the claim of Butterfield to an interest in the property, and had the court assumed, in this summary proceeding, to determine such a contest, there would be force in the objection, that it was not within the summary jurisdiction conferred upon the court, as a court of bankruptcy. Controversies between the assignee and third persons who claim adverse interests in property of the bankrupt, are provided for in the second section; and a proceeding in denial of Butterfield's interest as mortgagee, and seeking to bar him of any assertion of his claim thereto, should be prosecuted by formal suit, as contemplated in that section. Now, it is true, the assignee, in his application for a sale, denied the validity of Butterfield's claim, but the court did not assume to determine summarily whether it was valid or not. That the claim was contested was an important and useful fact to be brought to the attention of the court. Without knowledge of such fact, the court might, with great propriety, have assumed its validity, and directed the assignee to pay it out of the proceeds of sale. What the court did was, to direct a sale of the premises free of all liens, and that the money arising therefrom be brought into court. The right of the claimant is not affected thereby. His lien, if any he has, follows the fund, and must be asserted and, if contested, be settled, in an appropriate proceeding, to be hereafter taken.

(3) As to the manner of sale and the extent of the authority therein conferred on the assignee. The act gives general discretion to

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the court touching the manner of sale; and, in executing the order, it is to be assumed, that the assignee, as an officer of the court, will act in good faith, and according to his judgment of the best interests of all who are concerned. But, there are some particulars in the order, which, it seems to me, interfere with the rights of the lien-holder. For all the purposes of this proceeding, his lien must be assumed to be valid, to the full amount claimed. There is no allegation or proof that the lands are sufficient in value to satisfy that lien. To restrain the lien-holder from proceeding to enforce his lien and collect his debt, and to authorize the assignee to sell the lands in parcels, or otherwise, at private sale, without the knowledge or consent of the party apparently most largely interested, thus depriving him of the power to become a competitor and protect himself, by buying the property at its fair market value, and, especially, to authorize the assignee to sell on a credit of one year, thus depriving the lien-holder of all power to sooner realize what is due to him, and, practically, to extend the credit he gave to the bankrupt to a fixed term of one year yet to come, are giving authority to the assignee of which the lien-holder may reasonably complain, even if it be not in violation of his strict rights. True, the assignee is bound to act for the interest of all concerned, but, in this case, he is in an attitude of hostility to the claimant of the lien. He denies the right of the latter. He can hardly be regarded as a master in chancery, or a sheriff, or even as a receiver; and neither of such officers is permitted to make sales in his discretion, at private sale, without submitting them to the court for approval, before final consummation. In this case, I think, the assignee ought not to be permitted to make private sales, or sales upon credit, (unless Butterfield shall approve of the same, and unite therein,) without first submitting the price and terms of sale to the court. on notice to Butterfield, for approval and confirmation. I perceive no reasonable objection to the public sales, not on credit, on notice to Butterfield. authorized by the order. The order should be modified, to conform to the views here expressed.