## In re MEAD.

(District Court, S. D. New York. May 24, 1893.)

BANKRUPTCY—EQUITY SUIT—SALE OF REAL PROPERTY—REFERENCE ON PRIOR LIENS—DEPOSIT IN REGISTRY.

In an equity suit in the district court to recover assets belonging to a bankrupt's creditors, the court, in a decree appointing a receiver, may direct the sale of real property free from incumbrances, and thereafter order a reference to ascertain summarily the amount due in case of dispute upon a mortgage which is a prior lien, and direct sufficient proceeds of the sale to be deposited meantime in the registry, as security for the mortgage, and that the premises be conveyed free from the mortgage.

In Equity. Bankruptcy.

Nelson Smith, for complainant.
Wheeler H. Peckham, for bankrupt.
Luke A. Lockwood, for mortgagee.

BROWN, District Judge. Under the bankrupt act of 1867, the district courts, in exercising equity powers and in administering equitable relief, act as courts of bankruptcy quite as much as when administering either common-law or summary remedies. The special powers given by the various sections of the bankrupt act and the acts amendatory thereof, as incidental to the general powers of the court, are not restricted to any particular conditions of procedure, but in appropriate cases may be exercised as rightfully when giving equitable relief, as in its common law or summary procedure.

In the present case the court, under its decree in the equity suit brought by the assignee in bankruptcy, has in effect adjudged that all beneficial interest in the premises in question belongs rightfully to the assignee for the benefit of the creditors of the bankrupt, save only a certain equity to Mrs. Mead, the bankrupt's wife, which is provided for in the decree. The assignee has been put in possession of the premises, as receiver, and, under the decree of the court, has sold the premises at public sale free from all incumbrances as he was authorized and directed to do, at which sale Mrs. Mead, one of the defendants, was the highest bidder, and is entitled to the conveyance of the property on compliance with the terms of sale.

A dispute having arisen, however, as respects the amount due to Mr. Naylor upon certain second mortgages held by him upon the premises in question, and a reference having been taken for the purpose of ascertaining the amount of his actual interest and lien thereon, which is still pending and undetermined, the proceedings appropriate to be taken are evidently such as are provided by sections 5063, 5075, 4972, and 4979 of the Revised Statutes. In re Clark, 9 Blatchf. 372; In re Kirtland, 10 Blatchf. 515; In re Ellerhorst, 7 N. B. R. 49, 2 Sawy. 219. All possible rights of the mortgagee will be preserved by providing that the whole amount which can be possibly claimed under the mortgages shall be held by the assignee, or in the registry of the court, or other depository as may be agreed upon, "in place of the estate disposed of." Section 5063.

A sale of the premises free from incumbrances, duly made under the order of the court, is of itself equivalent to a transfer of the lien of the mortgages from the estate sold to the proceeds of sale. The sale already made has been a sale made by the assignee as receiver under the order of the court. For greater explicitness, however, and the satisfaction of those proposing to take new mortgages on the premises to enable Mrs. Mead to complete her purchase, there can be no objection to an additional order declaring that the sale made free from incumbrances shall be a discharge of all lien of the mortgages, upon the payment of the whole amount claimed thereon to the assignee, or to the registry of the court, or other depository as may be agreed; such payment to remain subject to the lien of said mortgages, in place of the land sold, for all such amounts as may be ultimately found due to Mr. Naylor, his representatives or assigns, and any costs accruing thereon; and that Mrs. Mead, the purchaser, complete her purchase in accordance with the terms of sale and this order.