## In re PITTELKOW.

(District Court, E. D. Wisconsin. April 6, 1899.)

1. BANKRUPTCY — JURISDICTION OVER INCUMBERED PROPERTY AND SECURED CREDITORS.

The court of bankruptcy has jurisdiction, by virtue of its exclusive control over the bankrupt's estate and its equity powers, to restrain mortgage creditors, for a reasonable time, from instituting foreclosure proceedings, and to order the sale of mortgaged property, by the trustee in bankruptcy, free of incumbrances,—the mortgage liens being transferred to the proceeds

of sale,—in cases where the rights of parties are clear, and special circumstances render such a course advisable, and after due hearing.

**2. SAME—SALES BY TRUSTEE—WHEN ORDERED.**

The court of bankruptcy will not order the trustee to sell mortgaged property of the bankrupt free of incumbrances, unless it appears that a price will probably be realized substantially greater than the amount of the mortgage; that there are no rights which cannot be brought before the court in the bankruptcy proceedings, and which would require foreclosure under the mortgage; that the court is accurately informed as to the facts; and that all parties in interest have had notice, and full opportunity to be heard.

**3. SAME—CASE STATED.**

Where real property of the bankrupt, comprising numerous parcels, appraised at $107,000, was subject to the liens of 39 mortgages, aggregating $80,000, and the mortgage creditors were threatening immediate foreclosure, which would involve an expense of several thousand dollars, and the trustee applied for an order restraining the mortgagees from proceeding to foreclose, and authorizing him to sell the property free of incumbrances, alleging that a sale subject to liens would yield little or nothing for the unsecured creditors, whose claims amounted to $60,000, *held,* that all the mortgagees should be enjoined from foreclosing until further ordered by the court, but with leave to any claimant to apply to be excepted from the order on the ground of necessity for immediate foreclosure, or of unreasonable delay on the part of the trustee, and that the petition of the trustee, and all matters relating to the sale of the property and the claims of mortgagees or other lienors, should be referred to the referee, to be heard on petitions and answers, with notice to all the parties in interest.

In Bankruptcy. On petition by the trustee for an order restraining the commencement of foreclosures by mortgagees, and for authority to sell the various parcels of real estate free of incumbrances, preserving the rights of all lien claimants against the proceeds.

The petition states the appraised value of the real estate, comprising numerous parcels, at $107,000, and the aggregate amount of mortgages at about $80,000; that there are 39 separate mortgages, and immediate foreclosure suits are threatened, of which the expense would aggregate several thousand dollars; that the claims of unsecured creditors amount to about $60,000, and a sale subject to the mortgages and foreclosure proceedings would yield little or nothing for the general estate. An order being entered thereupon citing the mortgagees to show cause why relief should not be granted as prayed for, objections to the jurisdiction were raised by sundry mortgagees, for whom special appearance was made for the purpose, but the matter was submitted generally on behalf of others.

Bloodgood, Kemper & Bloodgood, for trustee.

N. Pereles & Sons, Moritz Wittig, Jr., Sheridan & Wollaeger, and others, for mortgagees.

SEAMAN, District Judge. Upon the general question of jurisdiction, I am of opinion that the district court is vested with exclusive jurisdiction over the property of the bankrupt, and with sufficient equity powers to have all claims by mortgagees brought in and administered; that sales may be authorized, under proper circumstances, free and clear from the mortgages, or other liens, by preserving and transferring the claims to the fund thus provided; and that the commencement of foreclosure proceedings can be restrained to that end. The decisions under the bankrupt acts of 1841 and 1867 clearly sustain each of these propositions. In the supreme court, the

cases of In re Christy, 3 How. 292, Nugent v. Boyd, 3 How. 426, and Houston v. Bank, 6 How. 486, established the doctrine in reference to the act of 1841; and under the act of 1867 the same view was declared in Ray v. Norseworthy, 23 Wall. 128, and in Insurance Co. v. Murphy, 111 U. S. 738, 4 Sup. Ct. 679. The decisions in the circuit and district courts under the latter act were uniform in the same line, and the following are sufficient citations: In re Kirtland, 10 Blatchf. 515, Fed. Cas. No. 7,851; Sutherland v. Iron Co., 9 N. B. R. 298, Fed. Cas. No. 13,643; In re Sacchi, 10 Blatchf. 29, Fed. Cas. No. 12,200; In re Brinkman, 7 N. B. R. 421, Fed. Cas. No. 1,884; In re Kahley, 2 Biss. 383, Fed. Cas. No. 7,593; Foster v. Ames, 1 Low. 313, Fed. Cas. No. 4,965; In re Mead, 58 Fed. 312. The act of 1898 equally establishes paramount jurisdiction in its general provisions as a national bankruptcy enactment. Its interpretation in that view by this court in Re Bruss-Ritter Co., 90 Fed. 651, has support in an unbroken current of recent decisions in circuit courts of appeals and in the district courts. The provisions conferring equity powers and jurisdiction over mortgagees and all classes of lien claimants, and over sales by trustees, are at least as clear as the corresponding provisions of the former acts upon which the doctrine was established as above referred to. Whatever may be the construction placed upon definitions of jurisdiction contained in section 23, I am of opinion that the section is not applicable, in any view, to mortgagees of real estate, where possession of the res is vested in the bankruptcy court, and is held in fact by the trustee; the distinctions being well stated by Judge Baker in Re Goodykoontz (Carter v. Hobbs, 92 Fed. 594), in opinion of March 10, 1899. In section 57, jurisdiction over such claimants is clearly conferred, is necessarily complete; and, in accord with the uniform rule in such cases, there can be no interference with the possession, and no foreclosure proceedings, where the trustee is an indispensable party, except upon leave of the bankruptcy court. See cases cited supra. It is, however, the duty of the court to consider the interests of mortgagees and other secured creditors as well as those of the general creditors; and unless it is apparent (1) that the mortgaged premises in the given case will probably realize upon a sale an amount substantially in excess of the mortgage, and (2) that there are no complications, by dower rights, conveyances, or other conditions, which require foreclosure under the mortgage, the power to proceed summarily by sale, including the interest of the mortgagee, should not be exercised. In re Taliafero, 3 Hughes, 422, Fed. Cas. No. 13,736; In re Kahley, 2 Biss. 383; Foster v. Ames, 1 Low. 313, Fed. Cas. No. 4,965. Certainly, if foreclosure is necessary to bar rights which cannot be brought before the court in the bankruptcy proceeding, the mortgagee should have leave to that end, on proper showing of cause; otherwise, he would be compelled to bid for the protection of his mortgage interest, without the benefits of complete foreclosure. On the other hand, in a simple case in which the mortgagee and the owner of the equity are before the court, or may be brought in, a sale by order of the bankruptcy court, with provision saving the rights of the mortgagee to bid up to the ascertained amount of his

mortgage without advancing the money, except for expenses, would be beneficial to all parties and effective. No sale can be made, which affects the rights of mortgagees or other lienholders, without notice to them, and "due opportunity to defend their interests." Ray v. Norseworthy, 23 Wall. 128, 135; Insurance Co. v. Murphy, 111 U. S. 738, 742, 4 Sup. 679. The power to order a sale free of incumbrances ought not to be exercised in any instance unless the court is "accurately informed as to the facts," and all parties in interest have full opportunity to be heard, and the respective interests are ascertained. In re Taliafero, 3 Hughes, 422, Fed. Cas. No. 13,-736, opinion by the chief justice; In re Sacchi, 10 Blatchf. 29, Fed. Cas. No. 12,200, on review by Woodruff, C. J.

My conclusions are:

1. That jurisdiction exists to restrain mortgagees, for a reasonable time, from commencing foreclosure proceedings, and to order sales free from incumbrances, in special instances, after due hearing, where the rights are clear.

2. That sufficient facts appear to enjoin all the mortgagees or lien claimants who were duly cited herein from instituting foreclosure proceedings until the further order of the court, but with leave to any mortgagee or lien claimant to present his petition before the referee to be heard respecting any alleged necessity for immediate foreclosure or of unreasonable delay on the part of the trustee, for report to the court whether the petitioner or petitioners should be exempted from the order.

3. That no general order for sale of real estate by the trustee, free from incumbrance, can be entered on the facts stated; and sufficient information does not appear to order such sale in any special instance.

4. That the petition of the trustee, and all matters relating to sales of the real estate, either subject to or free from incumbrances, and of claims by mortgagees or other lienholders, be referred to the referee, to be heard upon petitions and answers, and notice to all parties in interest as the referee may prescribe, consistently with the general orders, and reported to the court with his recommendations.

5. That sales be made, without unnecessary delay, of all the interest of the bankrupt in real estate not liable to sale under special order as above indicated.

Let orders enter accordingly.