EMIL BRENDT, Plaintiff, *v.* WILHELMINA BRENDT et al., Defendants.

(Supreme Court, Niagara Special Term, November, 1898.)

**Merger — Intention — Intervening estate — Against interest.**

> Where the owner by descent of an undivided share in lands, all of
> which are subject to an unadmeasured dower interest, takes, after
> becoming such owner, an assignment of certain mortgages covering
> the whole premises and which are due and were given before he ac-
> quired title, no merger of their lien in his title will be declared in
> favor of lienors who became such subsequent to the mortgages — first,
> because the lienors have failed to show that such was the intention
> of the parties, second, because of the presence of the intervening
> estate in dower, and, third, because such a merger would be adverse
> to the interest of the owner of the undivided share.

ACTION of foreclosure. Motion to confirm report of referee ap-
pointed to compute amount due.

Warner & Lindsay, for motion.

Richard Crowley, for lienors.

SPRING, J. The plaintiff is the owner of an undivided one-
eighth of the mortgaged premises, subject to an unadmeasured
dower interest covering the whole thereof. He, in common with
his co-owners, acquired title thereto by descent, and the dower in-
terest became a charge upon the land at the same time his undivided
interest became vested. The whole premises were incumbered by
the two mortgages in suit prior to the vesting of the title in the
plaintiff, and after his ownership in fee he became the owner of the
mortgages by assignment. The contesting defendants, who are
lienors subsequent to the lien of the mortgages, but antecedent to
the death of the plaintiff's ancestor, claim the assignments of the
mortgages to plaintiff merged the lien in the title, thereby ex-
tinguishing it *pro tanto*.

The underlying principle controlling in the union of two titles
of different degrees rests, in equity, upon the intention of the
parties; and that intention is ascertained not so much from the
declarations of the assignee of the mortgage as from the facts and
circumstances existing at the time of the assignment. Thomas on

Mortgs., § 365, *et seq.;* Smith v. Roberts, 91 N. Y. 470, 475; Champney v. Coope, 32 id. 543; Judd v. Seekins, 62 id. 266, 270. The plaintiff in this case owned the lands in common with others, and the purchase of the lien was very proper to protect his title. Had he paid the mortgages, as he was one of the parties by reason of his title liable for their payment, it may have been urged in behalf of the subsequent lienors that there was no subrogation, but an extinguishment of the lien. The mortgages were due when plaintiff became the owner; so he must either submit to a foreclosure, or take an assignment to protect himself. With this situation confronting him, there would be no merger unless a countervailing reason indicated he designed the extinguishment of the mortgage to the extent of his title; and the burden is upon the person charging merger to prove facts tending to confute the presumption that there was no annihilation of the lien. But there is another controlling reason why the principle of merger is not applicable to this case. The plaintiff is not the unqualified owner entitled to the immediate uninterrupted possession of his lands. There is an intervening interest in the lands existing when he purchased the mortgages, and that is the dower interest of his mother. This intermediate estate prevents the union of the lien in the greater title. James v. Morey, 2 Cow. 246; Thomas on Mortgs., § 130; Jones Mortg., § 848; Factors & T. Insurance Co. v. Murphy, 111 U. S. 738; 4 Sup. Ct. 679. Again, the interest of the plaintiff is averse to the extinguishment of the mortgage, which is a factor to be taken into consideration in the determination of this question. De Lisle v. Herbs, 25 Hun, 485-487. The plaintiff certainly did not purchase the mortgages to make valid subordinate liens. He was not chargeable with their payment as an obligor or by assumption of their payment, and the doctrine of merger is not ordinarily invoked to sustain an intervening incumbrance. Millspaugh v. McBride, 7 Paige, 509; Thompson v. Van Vechten, 27 N. Y. 568, 579; Thomas Mortg., § 365.

There is no principle of equity to be invoked on behalf of these defendants requiring the extinguishment of these liens against the plaintiff. The mortgages of the defendants were in existence when plaintiff became the assignee of the mortgages in suit. The defendants, therefore, knew of the liens in suit. They parted with no consideration, relying upon extinguishment in the greater title. There was no impairment in the value of these subordinate liens by the assignments to the plaintiff, and the requirements of justice

demand that the mortgages be retained as undiminished liens against the whole premises.

The motion to confirm is granted, and judgment of foreclosure and sale ordered in each action.

Ordered accordingly.