## In re DE FATTA.
### No. 4699.

District Court, W. D. Louisiana, Shreveport Division.

July 25, 1932.

Harry V. Booth, of Shreveport, La., for bankrupt.

Otis W. Bullock, of Shreveport, La., for W. M. Levy, clerk.

Frank J. Looney, of Shreveport, La., for trustee.

DAWKINS, District Judge.

The above matter has been submitted upon a rule by the trustee to compel the clerk and ex officio recorder of mortgages for Caddo parish, La., to cancel liens against certain real estate sold under an order of the referee free of encumbrances, the liens having been referred to the proceeds.

The clerk of the state court has filed an exception of no cause of action, as well as an answer, in the latter alleging that the holders of the liens sought to be canceled had not been legally notified of the proposed sale, and, further, that the referee was without authority to order that the real estate be sold free of the special mortgages and liens affecting it.

I have no doubt that if the property has been legally sold free of encumbrances, this court has the power and jurisdiction to compel the cancellation of the liens, and hence the exception of no cause of action or right of action should be overruled. However, in view of the authorities cited by counsel for defendant in rule, I am impressed that the question of notice to lienholders raises a serious issue, and, if this has not been legally given, then their rights cannot be affected. Ray v. Norseworthy, 23 Wall. (90 U. S.) 128, 23 L. Ed. 116; Factors' & Traders' Insurance Co. v. Murphy et al., 111 U. S. 738, 4 S. Ct. 679, 28 L. Ed. 582; Haynes v. Pickett, 154 U. S. 627, 14 S. Ct. 1202, 23 L. Ed. 1008; In re Platteville Foundry & Machine Co. (D. C.) 147 F. 828; In re City Bank (In re Christy), 3 How. 292, 11 L. Ed. 603; Houston v. Bank, 6 How. 486, 12 L. Ed. 526.

This leaves the remaining question as to whether it is shown that lawful notice was given to the holders of the liens sought to be canceled. The matter has been submitted upon the motion for the rule, exception, and answer thereto, and without the introduction of any testimony other than the affidavit accompanying the rule. The petition for the rule simply gives the description of the property and recites that under an order of the court, dated April 28, 1932, the trustee sold it, free of encumbrance, after due advertisement for ten days previous to the sale, which was made May 9, 1932. He then quotes the order of the referee confirming the sale, dated May 10, 1932, the concluding paragraph of which provides: "It is further ordered, that the Clerk of Court and Recorder of Deeds and Mortgages in Caddo Parish is authorized and directed to cancel and erase from his records all mortgages, liens and encumbrances resting upon the property described in the report of sale and confirmed by the Referee under this order."

He alleges that the clerk and recorder has refused to comply with said order without a mandamus, which is necessary to compel the cancellation of the liens and for which he accordingly prays.

376

From the short discussion of the matter by counsel in open court at the time of the submission, and the equally short briefs or memoranda, I gather that a ruling was desired mainly upon the sufficiency of the notice to lienholders. I have, therefore, had the referee furnish me with all that part of the record covering the sale. It appears that the Shreveport Mutual Building & Loan Association, on April 27, 1932, filed a petition with the referee, setting up a mortgage and vendor's lien upon the property of $4,200, dated November 2, 1927, upon which it claimed a balance of $3,153.-16, with interest, attorney's fees, etc. It prayed for a separate appraisement and sale, for judgment recognizing its lien, and that it be paid by preference. This petition was supported by affidavit of the president of said company and there was attached certified copy of the mortgage. On the same date, to, wit, April 27, 1932, the referee entered an order directing the trustee to appraise and sell the property separately and to hold the proceeds "until further orders of this court." On the next day, April 28th, the trustee filed his application, stating that "among the assets surrendered by this bankrupt" was this particular property, and that "it is necessary that the said property be sold by petitioner at public auction, free of all liens and encumbrances, liens and encumbrances having been referred to the proceeds, * * *" and praying that he be authorized to sell it accordingly. On the same day the referee entered his order for the sale, free of liens. He at the same time directed "that the creditors be given ten days notice of the date of the sale and that notice of said sale be published in the Shreveport Journal for a period of not less than ten days, said sale to be made subject to the approval and confirmation of the court." Attached to this petition and order is a copy of a notice reading as follows:

"U. S. District Court.
"Western District of Louisiana.
"In the Matter of Philip De Fatta, Bankrupt.
"No. 4699. In Bankruptcy.
"Notice of Application for Sale of Real Estate:

"Notice is hereby given that E. O. Gayle, Trustee, Shreveport, Louisiana, filed on April 28, 1932, petition praying for an order to sell certain real estate located in Shreveport, Caddo Parish, Louisiana, and specifically described in the petition.

"An order has been entered by the Court directing the Trustee to sell said real estate at public auction, at the front door of the Parish Court House, Shreveport, Louisiana, at the hour of 11 A. M., on May 9th, 1932."

It will be noted that this notice says nothing about selling the property free of liens and encumbrances. The schedules filed by the bankrupt, one copy of which was sent me by the referee, show on A—2 creditors holding securities, "Shreveport Mutual Building & Loan Association, Shreveport, Louisiana, first mortgage on 1400 West Kirby Pl., $3,200.00," and "Mary Provenzo, Shreveport, Louisiana, second mortgage on 1400 West Kirby Pl. $2,210.-00."

Only two unsecured creditors are shown on schedule A—3, to wit, "A. C. Steere Company, Shreveport, Louisiana, judgment, $1,100.00," and "Dr. D. L. Kerlin, Shreveport, Louisiana, open account $70.-00." Presumably, the notice copied above was sent to all these creditors. There has not been submitted on this hearing any other list of names of those holding mortgages or liens recorded against the property which it is sought to have the clerk cancel. I infer from the schedule that they consist of this second mortgage of Mary Provenzo and the judgment of the A. C. Steere Company, if the latter was recorded.

From the above, it does not appear that the trustee made any one party or requested that they be cited to show cause why the property should not be sold free from liens. In view of the authorities above cited, I think it was necessary that this be done, otherwise the rights of the holders would not be affected by the sale. See authorities above cited. While it is true that the clerk and recorder would probably be protected by the order referring the liens to the proceeds and directing their cancellation, at the same time, all concerned are desirous of having an unencumbered title conveyed. I think, therefore, that in order to do this, the trustee, in a case like the present one, should obtain from the recorder of mortgages in the parish where the property is situated a certificate of mortgages showing all such liens and the holders thereof, and that in making application for the sale of real estate, free therefrom, he should name them all, and have service

of a copy of the application with rule to show cause, on a date certain, made upon them by the marshal, in order that they may have an opportunity to be heard if desired. If they fail to appear or the referee concludes that no good cause exists for not selling the property free of liens, it may be done with the right of any adverse party to appeal to the judge for review.

The mandamus will be refused. The matter will be reopened with instructions to the trustee to obtain from the recorder of mortgages a certificate showing all liens and encumbrances and thereupon to file with the referee a petition for a rule upon them to show cause at a fixed date why the sale heretofore made should not be confirmed and their claims canceled on the records of Caddo parish. When this has been done, if the clerk and recorder should refuse to comply with the order of the referee to cancel the encumbrances, then the trustee may again apply to this court for mandamus.

The costs of this proceeding are to be borne by the estate. Proper decree should be presented.