## DAVIS et al. v. MASSACHUSETTS MUT. LIFE INS. CO.

### No. 6885.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1934.

Robert Brodie and H. C. Tillman, both of Tampa, Fla., for appellants.

Thomas E. Lucas and John J. Twomey, both of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

By separate appeals Davis and the Greens, defendants below, complain of the rulings on pleadings which resulted as to the Greens, in dismissing them and their counterclaims, entirely from the suit as having no proper place in it, and, as to Davis, in striking, as without merit, all of his defenses and counterclaims.

The suit, in equity to foreclose a mortgage on a lot in Tampa, Fla., made parties to it, but asked no relief except foreclosure, against the Greens, the makers of the note, Davis, the present owner of the equity, and the Woodward & Crowder Company as holders of a mortgage given them by Davis. Alleging that the value of the property was less than the amount due on the mortgage, but that the Greens were insolvent and Davis was not liable on the note by the terms of his purchase, it sought no deficiency judgment. Each of the defendants the Greens and Davis answered and undertook to make himself an active litigant in the cause. The Greens filed a cross-action, alleging that they had been overreached by plaintiff through its agent, Crowder, in securing their deed to the property. They charged that, at the very time they were induced by threats of foreclosure to deed the property to plaintiff's agent, plaintiff, without disclosing that fact to them, had already arranged to sell the property to Davis for a profit over and above the Greens' debt. Not attacking, but affirming their sale to Crowder, and his to Davis, they sued for the profit, $3,667.16.

Davis defended the foreclosure with the claim that the sale from the Greens to Crowder, under whom Davis holds, in consideration of the assumption of the mortgage debt, was in fact a sale to appellee, the holder of the mortgage, resulting in merging and extinguishing it. In addition he made vague and general complaints, but asked no relief on account of them, of the failure of title to the south 6½ inches, of the expense, annoyance, and inconvenience he had been put to because of it, and of the inadequate settlement he had made of his damages on account of it. Finally, he set up that he had paid out on account of his purchase of the property, including moneys spent in improving it, $25,000. By counterclaim he sought a decree canceling the mortgage as discharged by merger, or, in the alternative, for the sale of the property and a division of the proceeds between him and plaintiff in accordance with their respective equities. He sought also, without alleging any grounds for bringing them in, to make additional parties.

Motions to strike were leveled at the pleadings of both defendants. As to the Greens, the court thought that, since they claimed no interest in the property, and no relief was prayed against them, they, together with their answer and counterclaims, should be dismissed from the suit, and on October 8 it was so ordered. Notwithstanding this order, it further appears as to the Greens, though they are not complaining of that feature of the judgment, that the decree

of foreclosure entered October 27 ran against them. If the order of October 8 be treated as on its face it reads, as an order dismissing the defendants entirely from the suit, as to the Greens, nothing has occurred to their prejudice. They asserted no interest in the property; they did not attack; they affirmed the mortgage and the sale to Crowder. No relief was sought against them. The action they sought to assert was one at law for damages. 41 C. J. § 863; Pritchard v. Smith, 160 N. C. 79, 75 S. E. 803; McBride v. Campredon, 24 N. M. 323, 171 P. 140, L. R. A. 1918D, 407. It was within the discretion of the District Judge to decline to complicate a simple undefended suit for foreclosure with a trial of the law issues they tendered by their cross-action. If, on the other hand, the order of October 8, taken in connection with the foreclosure decree of October 27 against them, which decree the Greens attack as erroneous, but not because it included them, be construed as merely an order on the motion to strike the answer and counterclaim as setting up no defense to the bill, no cause of action against the plaintiff, and as concluding their right to sue, there was equally no error in it. Giving the fullest effect to the defendants' allegations, they do not state a cause of action. The most that can be made out of them is that, by threat of foreclosure, the Greens, who were delinquent in interest and taxes, and unable to pay, were induced to deed the property to the agent of plaintiff who resold the property subject to the mortgage debt of $27,832.-84 principal, accrued interest, and taxes, for the sum of $31,500; $3,667.16 in excess of the amount remaining due on the property. No fraud is alleged, nor do the circumstances pleaded amount to oppression. Especially is there no equity in the asserted claim when it appears that, whatever the form of the sale to Davis, no sale for a price in excess of the mortgage actually took place, and that there is now due on the mortgage more than the amount of the purchase price.

As to Davis, the District Judge thought that none of the matters he alleged constituted defenses to the suit or furnished any basis for a counterclaim. There was no error in this ruling. Assuming, though the evidence taken before the master establishes the contrary, that, in taking the deed from the Greens, Woodward took the title in trust for plaintiff, upon the plainest equitable principles a merger would not result, for this would be contrary to the intention and the interest of the owner of the mortgage. Factors' & Traders' Ins. Co. v. Murphy, 111 U. S. 738, 4 S. Ct. 679, 28 L. Ed. 582; Jackson v. Relf, 26 Fla. 465, 8 So. 184; Polk Bond & Mortgage Co. v. Dwiggins (Fla.) 147 So. 855; York v. Robbins (Tex. Com. App.) 255 S. W. 720; Guaranty Trust Co. v. Minneapolis & St. Louis R. Co. (C. C. A.) 36 F.(2d) 747; Jones on Mortgages, §§ 848, 856, 857.

The inequities of the defense are emphasized by a consideration of the fact that Davis, who urges it, took the property subject to the mortgage, thus obliging himself to pay it before he could have the property, and now seeks to have the property without paying it.

The other matters he alleged did not present a defense to the bill, or state any matter upon which relief could be granted.

We find no error in the rulings complained of.

The judgment is affirmed.