Brent THOMPSON; Sylvia Thompson, Trustee Under Declaration of Trust, Plaintiffs–Appellants,

v.

Thomas CANTWELL; Roselyn N. Cantwell, aka Roselyn N. Martin; Richard L. Handler; Margaret M. Handler; Jesse L. Alexander; Nancy W. Alexander; Thomas R. Burt, Defendants–Appellees.

Brent Thompson; Sylvia Thompson, Trustee Under Declaration of Trust, Plaintiffs–Appellants,

v.

Roselyn N. Cantwell, aka Roselyn N. Martin, Defendant,

and

Richard L. Handler; Margaret M. Handler; Jesse L. Alexander; Nancy W. Alexander; Thomas R. Burt, Defendants–Appellees.

Nos. 04–36157, 05–35969.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Jan. 5, 2007.

Ferguson, Circuit Judge, filed dissenting opinion.

Jeffrey M. Batchelor, Esq., Markowitz, Herbold, Glade & Mehlhaf, P.C., Portland, OR, Mark D. Clarke, Edward H. Talmadge, Esq., Frohnmayer Deatherage Pratt Jamieson & Clarke PC, Medford, OR, for Plaintiffs–Appellants.

Roselyn Martin, Snowmass, CO, pro se.

David B. Paradis, Esq., Brophy Mills Schmor Gerking & Brophy, Medford, OR, Robert V. Kuenzel, Esq., Kuenzel & Associates, Ashland, OR, for Defendants–Appellees.

Before: FERGUSON, O'SCANNLAIN and FISHER, Circuit Judges.

MEMORANDUM *

Brent Thompson, on behalf of the Thompson Family Trust (collectively "Thompson"), purchased property in Medford, Oregon, from defendants subject to a preexisting note and trust deed and pursuant to an agreement that defendants would pay off the debt. After defendants failed to pay, Thompson paid off the debt and took an assignment of the trust deed and note. Thompson now appeals the district court's entry of summary judgment against him, arguing that the district court improperly found a merger because a dispute of fact remained regarding whether he received a discount on the property's purchase price in consideration of it being taken subject to the preexisting debt. Thompson also argues that the district court erred by failing to apply the anti-merger clause in the deed of trust, by finding that the debt had been extinguished through payment prior to the assignment and by awarding attorney's fees. Reviewing de novo, *see 'Tlio 'ulaokalani Coal. v. Rumsfeld,* 464 F.3d 1083, 1093–94 (9th Cir.2006); *Tutor–Saliba Corp. v. City of Hailey,* 452 F.3d 1055, 1059–60 (9th Cir.2006), we hold that there was a merger under Oregon law and that because the merger did not void the contract, note or deed of trust, the district court properly awarded fees. Accordingly, we affirm.

▮ In *Baxter v. Redevco, Inc.,* 279 Or. 117, 566 P.2d 501, 504 (1977), the Oregon Supreme Court held that when a real estate purchaser buys property subject to a preexisting deed of trust, "his bargain include[s] as a part of the price the amount of the note and [deed of trust]." *Id.* Moreover, " '[w]here such a grantee takes an assignment of the mortgage, as a general rule the debt secured by the mortgage is held to be extinguished and personal liability on it cannot be enforced.' " *Id.* (quoting George E. Osborne, Handbook on the Law of Mortgages § 274, at 555 (2d ed.1970)). Such merger occurs " 'without regard to [the grantee's] intention.' " *Id.* (quoting Osborne § 274, at 551). We reject Thompson's argument that the existence of a discount is a factual issue to be decided by the factfinder if it is in dispute. Under *Baxter,* the grantee's purchase of the mortgage results in a merger as a matter of law, without regard to the intent of the grantee and without regard to the value of the property. *Id.* at 504.

Thompson argues that *Baxter's* calculations of the price of the property as compared to the magnitude of the debt that encumbered it demonstrate that discount was an issue of fact. *See id.* at 504 n. 2 (noting that "the plaintiff did take into consideration the $6,000 note and second trust deed when he computed the amount that he would pay Rosbach for the property"). We disagree. In doing so the court was merely illustrating that there had been a discount. The court did not suggest that the existence of a discount is an issue of fact that must be proven as a prerequisite to merger.

The anti-merger clause in the deed of trust did not preclude the merger. Even if we were to assume that the clause covered Thompson, the clause nonetheless would merely be evidence of Thompson's intent regarding merger. *Baxter's* conclu-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sion that intent is irrelevant in a case such as this one thus controls. *See id.* at 504.

■ Finally, we agree with the district court that the merger did not prevent Thompson from enforcing the attorney's fees clauses in the sale agreement, deed of trust and promissory note. Thus, by operation of Or.Rev.Stat. § 20.096(1), defendants could seek fees under the clauses. As stated in *Baxter*, the effect of merger is that " 'the debt secured by the mortgage is held to be extinguished and personal liability on it cannot be enforced.' " 566 P.2d at 504 (quoting Osborne § 274, at 555). Furthermore, "if the grantee paid the amount of the debt for the assignment, the mortgagor should be able to insist that it constituted payment of the debt rather than purchase of it." *Id.* Thus the effect of merger is that the debt is discharged, not—as Thompson contends—that the underlying contracts are deemed void or rescinded. The attorney's fees clauses accordingly survived the merger.

**AFFIRMED.**

FERGUSON, Circuit Judge, dissenting:

The majority holds that a merger has occurred as a matter of law regardless of the parties' intentions. I respectfully dissent.

In *Baxter v. Redevco, Inc.*, 279 Or. 117, 566 P.2d 501, 504 (1977) (citation omitted), the case upon which the majority relies, the Supreme Court of Oregon reiterated the following general rule: "Where the owner of premises acquires an outstanding mortgage thereon, his intention is the controlling factor as to whether there is a merger." *See also South Beach Lumber Corp. v. Swank*, 210 Or. 383, 311 P.2d 1018, 1023 (1957); *Lothstein v. Fitzpatrick*, 171 Or. 648, 138 P.2d 919, 924 (1943); *Barber v. Hartley*, 136 Or. 210, 298 P. 226, 229–30 (1931); *Katz v. Obenchain*, 48 Or. 352, 85 P. 617, 620 (1906); *Watson v. Dundee Mortgage & Trust Inv. Co.*, 12 Or. 474, 8 P. 548, 552–53 (1885). The court carved out an exception where the mortgagor had sold the property at a discount[1] and the purchaser-owner had assumed payment of the mortgage; in that case, when the purchaser-owner later acquired the mortgage, the debt and security interest merged, regardless of the purchaser-owner's intent. *Baxter*, 566 P.2d at 504 & n. 2.

This exception to the general rule does not apply here, where the grantor expressly agreed to pay the debt, and there exists a dispute of fact as to whether the purchase price included a discount. The *Baxter* court assumed a fact pattern in which "[the grantee's] bargain included as part of the price the amount of the mortgage debt." *Id.* at 504 (quotation omitted). The court further explained, "having deducted this debt from the purchase price he paid, the grantee cannot now require the mortgagor to pay the debt or any part of it." *Id.* at 505 (quotation omitted).

The Oregon Supreme Court never addressed the issue of whether intent is relevant to merger where the grantor expressly agreed to pay the mortgage debt and the fact of a discount is disputed. *Baxter* therefore does not dictate the outcome, and our task is to "predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes,

---

1. The majority suggests that the discount in *Baxter* was merely incidental, but the Oregon Supreme Court's opinion is more accurately read as treating the discount as a fact essential to its holding. *Baxter*, 566 P.2d at 504 & n. 2.

treatises, and restatements as guidance." *S.D. Myers, Inc. v. City & County of S.F.,* 253 F.3d 461, 473 (9th Cir.2001) (quotation omitted).

Other decisions, treatises, and the relevant restatement all indicate that there should be no merger, because it would contradict the clearly expressed intent of the parties.[2] First, the very treatise upon which *Baxter* relied specifies that where the mortgagor was bound by agreement with the owner to pay off the debt, whether there is a merger depends on the intent of the owner. *See* George E. Osborne, Handbook on the Law of Mortgages § 274, at 554 (2d ed.1970) (stating that contract claim survives assignment of mortgage and that availability of merger defense depends on intent); *see also* 1 Grant S. Nelson & Dale A. Whitman, Real Estate Finance Law § 616, at 590 (4th ed.2002). Additionally, other treatises on property and mortgages explain that the rigid common law doctrine of merger is practically extinct;[3] it is well-settled that the modern doctrine depends on the intentions of the parties, and courts still will not apply it when merger would work an injustice or violate principles of equity. 28 Am.Jur.2d Estates § 425 (2006); 31 C.J.S. Estates § 130 (2006); 55 Am.Jur.2d Mortgages § 1342 (2006); 59 C.J.S. Mortgages §§ 361, 444, 448 (2006). Finally, other courts have supported this view and disfavored mergers generally. *See, e.g., Factors' & Traders' Ins. Co. v. Murphy,* 111 U.S. 738, 743–44, 4 S.Ct. 679, 28 L.Ed. 582 (1884); *The Bergen,* 64 F.2d 877, 880 (9th Cir.1933); *Kolodge v. Boyd,* 88 Cal.App.4th 349, 105 Cal.Rptr.2d 749, 759 (2001); *Dunkum v. Maceck Bldg. Corp.,* 256 N.Y. 275, 176 N.E. 392, 394 (1931). Given the Oregon Supreme Court's long history of ruling that merger may occur only in conformance with parties' intentions; given that the anti-merger clause in this case clearly expressed the parties' intent to avoid any merger; given the secondary sources indicating that merger would not apply where the mortgagor is obligated by agreement to pay the debt and the purchase price was not discounted; and given the case law demonstrating that merger is generally disfavored, I believe Oregon's highest court would find no merger.

I therefore respectfully dissent.[4]

---

2. The trust deed in this case included an explicit anti-merger clause, which read as follows: "Merger—There shall be no merger of the interest or estate created by this deed of trust with any other interest or estate in the property at any time held by or for the benefit of lender in any capacity without the written consent of lender."

3. The Third Restatement of Mortgages provides a detailed history of the doctrine of merger and explains that merger does not apply. *See* Restatement (Third) of Property: Mortgages § 8.5 cmt. a, c (1997) ("The one situation in which an owner can sue another to recover a payment of the obligation is where the owner acquires title subject to the mortgage but pays the full purchase price for the property.").

4. Because I would find that the defendants have not prevailed, I also dissent from the court's conclusion that the District Court properly awarded attorneys' fees to the defendants.