In re The **YODER COMPANY**, Debtor.

**Bankruptcy No. B81–01036.**

United States Bankruptcy Court, N.D. Ohio, E.D.

April 20, 1983.

Michael J. Hartigan, Jr., John C. Parks, Squire, Sanders & Dempsey, Cleveland, Ohio, for debtor.

Karen J. Braham, Arter & Hadden, Cleveland, Ohio, for creditors committee.

Norman J. Ullom-Morse, Grieser, Schafer, Blumenstiel & Slane Co., Columbus, Ohio, for claimants, Michael E. Goebel and Vicki Goebel.

Patricia A. Walker, Broadview Heights, Ohio, Law Offices of Ellis B. Brannon, Sharon Center, Ohio, for claimant, Richard Stupak.

Gregory Stamos, Rose, Klein & Marias, Los Angeles, Cal., for claimant, Jackie Taylor.

J. Brian MacDonald, MacDonald, Fitzgerald & MacDonald, Flint, Mich., for claimant, Barbara James.

Alexander Jurczenko, Agopian & Jurczenko, Cleveland, Ohio, for claimant, Mark Bratton.

Shelley B. Gardner, William D. Maddux & Associates, Chicago, Ill., for claimant, Martinian Gonzalez.

Frederick Meyers, Maky, Renner, Otto & Boisselle, Cleveland, Ohio, for John Renner.

## MEMORANDUM OF OPINION

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came before the Court on the objections of debtor-in-possession to a number of claims, the responses of certain claimants, oral hearing, evidence and briefs.

### Findings of Fact

1. The Yoder Company, debtor and debtor-in-possession herein, filed its petition under Chapter 11 of the Bankruptcy Code on March 10, 1981.

2. On June 5, 1981, this Court entered an order setting July 13, 1981 as the last day to file proofs of claim.

3. On June 19, 1981, notice was mailed to every creditor, informing them of the July 13, 1981 bar date.

4. The June 19, 1981 notice was mailed by Cleveland Letter Service in franked court envelopes, pursuant to this Court's order.

5. No notices were returned to the Court as undeliverable.

6. On June 8, 1982, debtor filed its application regarding objections to claims.

7. The claims objected to by debtor were product liability cases and related claims, all of which were listed in debtor's amended schedules as disputed, contingent and unliquidated claims. These claims can be divided into three categories:

(a) Claims for which proofs of claim were timely filed (Exhibit A to debtor's application);

(b) Claims for which no proofs of claim were filed or for which proofs of claim were filed after the July 13, 1981 bar date (Exhibit B to debtor's application); and

(c) Claims of which debtor had no notice until after the filing of its petition and after the making of the bar date notices to scheduled creditors (Exhibit C to debtor's application).

8. Debtor objects to all of the product liability claims on two grounds: first, debtor contends that all product liability claims are without merit, and are for amounts for which the debtor is not liable; second, debtor contends that claims for which proofs of claim were not filed or were untimely filed ought to be expunged for failing to comply with the Court's orders.

9. This Court set the debtor's application for hearing on July 9, 1982.

10. At the hearing on July 9, 1982, debtor withdrew its objections to the following three claims listed in debtor's Exhibit A to the application:

(a) Michael E. Goebel and Vicki Goebel;

(b) Richard Stupak; and

(c) Jackie Taylor.

11. The following creditors failed to answer debtor's objection to their claims, and failed to appear at the July 9, 1982 hearing:

(a) Douglas Daily;

(b) Phillip Bateson;

(c) Ronald Beach;

(d) Edward Mercado;

(e) Liberty Mutual Insurance Co. (Adrian Bullard/Formed Tubes No. 6);

(f) Miguel Torres;

(g) John Spirauskas;

(h) William Brown;

(i) Aetna Casualty and Surety Division (Michael Wilcox);

(j) Larry R. Nabonne;

(k) Frick Company;

(l) Aetna Life and Casualty (Wilson Vernon);

(m) Liberty Mutual Insurance Company (Daniel Nicol);

(n) Jeffrey Balio;

(o) Daniel P. and Stella Bernal;

(p) Allen E. and Earlene D. Hartong;

(q) Robert Mackey;

(r) Robert Peters.

12. The claim of Martinian Gonzalez was settled by debtor after the July 9, 1982 hearing.

13. The claim of Barbara James was never filed, although she did claim, through her attorney, that she never received notice of the July 13, 1981 bar date.

14. Mark Bratton's proof of claim was filed in March, 1982, almost eight months after the July 13, 1981 bar date. Mr. Bratton claims that he was neither properly scheduled nor received notice of the bar date.

15. Alexander T. Ornstein, Mark Bratton's attorney, received notice at his office of the July 9, 1982 hearing. A copy of that notice was with him when he testified before this Court.

16. Notice was also sent to Mark Bratton's attorney, Alexander T. Ornstein, of the July 13, 1981 bar date.

*Discussion*

The claims of the creditors who failed to answer debtor's objection to their claims or failed to appear at the July 9, 1982 hearing before this Court can be disposed of easily. All claims in this application were product liability claims which were listed on debtor's amended schedules as disputed, contingent and unliquidated claims. These claimants had an affirmative duty to timely file their proofs of claim and appear at the July 9, 1982 hearing. Since they have failed to do so, debtor's allegations and evidence must be considered accurate by this Court, and their claims shall be disallowed.

Once the claimants who failed to file or to appear have been removed from the list of claims in debtor's application, the Court is left with two claims over which there is

still a dispute. In both claims, the claimants, through their attorneys, alleged they never received notice of the July 13, 1981 bar date set by this Court in its June 5, 1981 order. At the hearing on July 9, 1982, and the continued hearing on July 23, 1982, the Court heard evidence relating to these two proofs of claim.

At the July, 1982 hearings, debtor proved notices of the July 13, 1981 bar date were mailed to all product liability claimants listed in debtor's amended schedules. The debtor's mailing of these notices raises a rebuttable presumption that the notices were received by the addressees. *See Matter of Heyward,* 15 B.R. 629 (Bkrtcy.E.D.N.Y.1981); *In re Gumieny,* 8 B.R. 602 (Bkrtcy. E.D.Wis.1981). Federal Rule of Evidence 301 states that:

> In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

A presumption, therefore, does not change the burden of proof, but it can change the burden of going forward with the evidence. When the other party puts in evidence tending to disprove the ultimate fact supported by the presumption, authorities have disagreed about the continuing effect of the presumption. According to the note of the Advisory Committee on Proposed Rules, Federal Rule 301 rejects the so-called "bursting bubble" theory, under which a presumption vanishes upon the introduction of evidence that negates the existence of the presumed fact. According to the Federal Rule, when evidence is put forth negating the fact that the presumption tends to support, the presumption still continues and is evidence to be weighed and considered with all of the other evidence in the case.

■ In the present case, no evidence was presented on behalf of Barbara James to rebut the presumption that she received notice of the July, 1981 bar date. At the hearing on July 9, 1982, her attorney appeared on her behalf, and merely stated to the Court that she did not receive notice of the bar date and was not properly scheduled. Debtor, on the other hand, put forth testimony and exhibits establishing that Barbara James was scheduled as having a disputed, contingent and unliquidated claim, that notice of the bar date was mailed to Barbara James and that the notice was not returned to the Court as having been undeliverable. In the absence of any evidence to support her attorney's allegations, this Court presumes that Barbara James received notice of the July, 1981 bar date and of the amount and manner in which her claim was listed in debtor's amended schedules. Barbara James' failure to file a proof of claim on or before the bar date is, therefore, inexcusable, and she is barred from participating as a creditor in these proceedings.

■ The claim of Mark Bratton presents a more complex determination. The attorney for Mark Bratton offered evidence that no notice of the bar date was received by him, and that he was not properly scheduled. An examination of debtor's amended schedules reveals that Mark Bratton's notice was sent to the law firm which was handling his product liability case against debtor. This notice, sent to his attorney, was reasonably designed to bring the matter in the ordinary course to the creditor's attention. *See North American Car Corp. v. Peerless W. & V. Mach. Corp.,* 143 F.2d 938 (2nd Cir.1944); and *In re Torres,* 5 CBC 2d 950 (Bkrtcy.E.D.N.Y.1981). Mark Bratton was, therefore, properly scheduled on debtor's amended petition.

■ The testimony of Mark Bratton's attorney also did not establish that the notice sent was not received by his law firm. The Court is entitled to presume that notice has been received once a proper mailing is made, even though the intended recipient testifies that the notice never really came. *Matter of Heyward,* 15 B.R. 629, 632 (Bkrtcy.E.D.N.Y.1981); *In re Torres,* 5 CBC

2d 950, 953 (Bkrtcy.E.D.N.Y., 1981). The Court notes that Mr. Bratton's law firm did receive and respond to the notice setting debtor's objection to his claim for hearing on July 9, 1982. It seems most likely that the notice of the July, 1981 bar date was probably mislaid or lost at the law firm. The Court, therefore, finds that no excusable neglect exists which would justify Mr. Bratton's untimely filing of his proof of claim.

### Conclusions of Law

1. By showing that notices of the July 13, 1981 bar date and notices of the July 9, 1982 hearing were properly mailed, with no undeliverable returns, debtor created a legal presumption that all notices were received.

2. The following claims listed on debtor's amended schedules as having disputed, contingent and unliquidated claims, are disallowed for failing to answer debtor's objection to their claims and for failing to appear at the July 9, 1982 hearing on debtor's objection to their claims:

  (a) Douglas Daily

  (b) Phillip Bateson

  (c) Ronald Beach

  (d) Edward Mercado

  (e) Liberty Mutual Insurance Co. (Adrian Bullard/Formed Tubes No. 6)

  (f) Miguel Torres

  (g) John Spirauskas

  (h) William Brown

  (i) Aetna Casualty and Surety Division (Michael Wilcox)

  (j) Larry R. Nabonne

  (k) Frick Company

  (*l*) Aetna Life and Casualty (Wilson Vernon)

  (m) Liberty Mutual Insurance Company (David Nicol)

  (n) Jeffrey Balio

  (*o*) Daniel P. and Stella Bernal

  (p) Allen E. and Earlene D. Hartong

  (q) Robert Mackey

  (r) Robert Peters

3. By showing that notices of the July 13, 1981 bar date and notices of the July 9, 1982 hearing were properly mailed, with no undeliverable returns, debtor caused the burden of going forward with evidence to rebut the presumption that all notices were received to shift to creditors who claimed they never received notice.

4. Barbara James did not meet her burden of going forward with evidence to rebut the presumption that all notices were received by her attorney's unsupported allegations in Court.

5. Barbara James' failure to file a proof of claim on or before the July 13, 1981 bar date cannot be excused, and she is, therefore, barred from participating as a creditor in these proceedings.

6. Mark Bratton was properly scheduled on debtor's amended petition so that notice sent to the address scheduled was reasonably designed to bring the matter in the ordinary course to his attention.

7. The presumption of receipt that debtor created when it showed notices of the July 13, 1981 bar date and notices of the July 9, 1982 hearing were properly mailed, with no undeliverable returns, did not disappear against Mark Bratton when he submitted evidence of non-receipt. The Court is thus still able to consider the evidence of proper mailing as relevant to whether or not Mark Bratton received timely notice of the bar date.

8. Mark Bratton's failure to file a proof of claim on or before the July 13, 1981 bar date cannot be excused, and he is, therefore, barred from participating as a creditor in these proceedings.