**In re Nathan H. WISE, Peggy A. Wise, d/b/a Haughton Otasco C–151.**

**Bankruptcy No. 581–01480–S.**

United States Bankruptcy Court, W.D. Louisiana, Shreveport Division.

April 12, 1984.

Walter E. Dorroh, Jr., Coushatta, La., for D.I. Dupree.

Johnny E. Dollar, Monroe, La., for debtors.

### FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

On December 28, 1981, the 341 Meeting of Creditors in this Chapter 11 proceeding was held. At that meeting the date set as the last date upon which a claim could be filed was set to be: "Any Date Prior to Approval of the Disclosure Statement or as Fixed by the Court". The Court did not fix another date; therefore, the date that the disclosure statement was approved was the bar date for filing a proof of claim in this bankruptcy proceeding.

The disclosure statement was approved, on July 22, 1982. Mr. Dupree knew of the bankruptcy proceeding, but did not file a proof of claim as a secured creditor until September 17, 1982.

Mr. Dupree's claim was objected to at the hearing on the confirmation of the plan because the claim was not timely filed. At the confirmation hearing the Court disallowed Mr. D.I. Dupree's claim because the claim was not timely filed.

Mr. Wise has subsequently sold certain items alleged to be collateral securing the debt claimed by Mr. Dupree.

The issue before the Court is the validity of the liens claimed by Mr. Dupree.

### CONCLUSIONS OF LAW

11 U.S.C. Section 506(d) provides:

"To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless

(1) a party in interest has not requested that the court determine and allow or disallow such claim under Section 502 of this title; or

(2) such claim was disallowed only under Section 502(e) of this title."

Under 11 U.S.C. Section 502 a claim may be objected to because the claim was not timely filed as set out in Bankruptcy Rule 3003(c)(3).

In this case, Mr. Dupree's claim was objected to at the hearing on the confirmation of the plan because the claim was filed after the bar date for filing claims set by the Court.

"In order to be properly understood, Section 506(d) may be viewed as a reconciliation of two principal competing interests: the need for a debtor to obtain a fresh start, on the one hand, and the right of a lienholder to be protected from the deprivation of his property without due process. The interests are reconciled by requiring that the lienholder be given the opportunity for his 'day in court' before any action affecting his lien can be taken. If he is given the opportunity for his day in court, his lien will survive (unless he agrees to a different treatment) to the extent his claim is allowed and will be voided to the extent his claim is disallowed (for any reason other than it is a claim for reimbursement or contribution within the purview of Section 502(e))."
*3 Collier on Bankruptcy Section 506.07 at page 48.*

In this case the Court found that Mr. Dupree knew of the bankruptcy proceeding, but did not file a proof of claim until after the bar date set by this Court. Therefore, the Court concludes that Mr. Dupree had his opportunity for his "day in court", and the Court disallowed his claim entirely because it was not timely filed. Since Mr. Dupree was afforded an opportunity for his "day in court", and the Court disallowed his claim entirely, then Mr. Dupree's lien is voided.