**In re FERNWOOD MARKETS t/a the Salad Boat, Debtor.**

**Louis S. ESPOSITO, Sr., Trustee, Plaintiff,**

v.

**TITLE INSURANCE CO. OF PA., Commonwealth of Pennsylvania, Dept. of Labor and Industry, Louis Shrager and Sons, Nixon Uniform, Inc., Federal Leasing Corp., Robert L. Pinto, Esquire and Borough of East Lansdowne, Defendants.**

**Bankruptcy No. 84–03218K.**
**Adv. No. 86–1334S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 13, 1987.

---

5. This is distinguished from the fraud implied in law which may exist without imputation of bad faith or immorality.

Lawrence J. Tabas, Philadelphia, Pa., for trustee.

John F. Murphy, Philadelphia, Pa., for Shrager.

Jack B. Justice, Philadelphia, Pa., for Title Ins. Corp. of Pa.

Jonathan H. Ganz, Philadelphia, Pa., for debtor.

Virginia Powel, Ass't. U.S. Atty., Philadelphia, Pa., for U.S.

Robert Lapowsky, Philadelphia, Pa., for Official Creditors' Committee.

James C. DelBello, Philadelphia, Pa., for Delaware County Tax Claim Bureau.

Leona Mogavero, Philadelphia, Pa., for trustee.

Mark Pinnie, for Borough of East Lansdowne.

Louis J. Esposito, Sr., Philadelphia, Pa., trustee.

Salaman, Salaman & Cherwony, Philadelphia, Pa., for Soda Rental.

Gibbons, Buckley, Smith, Palmer & Proud, P.C., Media, Pa., for Rosemary Maychak.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

Presently before us in the instant case is a sequel to our decision in the above-captioned adversarial proceeding, reported at 73 B.R. 616 (Bankr.E.D.Pa.1987), involving another aspect of the rights of the same creditor whose status was at issue there, Louis Shrager & Sons (hereinafter referred to as "Shrager"). The present issue raised is whether a judicial lien passes unaffected through a Chapter 11 bankruptcy when the lienholder fails to file a timely Proof of Claim. We hold that the lien does indeed pass through the bankruptcy. Thus, we hopefully have resolved all of the issues which Shrager put before us and the disposition of the proceeds of a sale of the Debtor's realty in a posture for swift final resolution, which our accompanying Order shall promptly schedule.

The history of the matter in issue has already been related, in most relevant particulars, in our previous decision, at 73 B.R. 617–20, and will not be repeated here. Picking up with additional developments subsequent to that Opinion, issued on May 22, 1987, we note that, on June 11, 1987, after an extension in the time originally accorded it to do so, Shrager opted not to void the sale of the Debtor's realty which took place on March 25, 1986. Thereafter, at a hearing ultimately continued until July 29, 1987, the Trustee's counsel reported that papers to effect resolutions of the eleven separate adversarial proceedings seeking to avoid various judgment liens allegedly obtained by creditors within ninety (90) days of filing as preferential transfers, mentioned in our previous Opinion, 73 B.R. at 619, had been filed. The only issue reported to be remaining open which bore relevance to the disposition of the sale proceeds was the determination of whether the judgment lien of Shrager was affected by the fact that he failed to file a Proof of his secured claim in timely fashion. The Trustee's preference-avoidance action against Shrager was settled by a Stipulation of the parties that the judgment was non-preferential and non-avoidable to the extent of $27,346.27.

It will be recalled that, on January 9, 1986, Shrager filed a secured Proof of Claim in the amount of $28,710.00 in this case. *Id.* at 620. On November 10, 1986, the Trustee filed an Objection to this Proof of Claim, contending that, although the Claim was listed as "disputed," Shrager had failed to file said Proof of Claim prior to the Bar Date, i.e., July 3, 1985. See 11 U.S.C. § 1111(a).

On December 2, 1986, the Objection came before us for a hearing and we issued an Order of that date scheduling briefing into January, 1987. The principal contention of Shrager was that, since its lien passed through the sale, the status of its Proof of Claim was, in a practical sense, inconsequential.

Thereafter, the dispute between Shrager and the Trustee over the validity of the sale of March 25, 1986, addressed in the prior Opinion, arose, and it was perceived that the result in that matter could render the disposition of the validity of Shrager's lien moot. Therefore, we did not rule on the issue. However, after we rendered the decision in that matter on May 22, 1987, counsel for the Official Unsecured Creditors' Committee indicated a desire to take up the Trustee's argument against Shrager and argue that Shrager's lien would not pass through the sale. Additional briefing was completed on June 18, 1987. On July 29, 1987, the Trustee's counsel advised us that the disposition of this issue was all that was necessary to permit him to determine precisely how distribution should be made.

Our review of the pertinent authorities convinces us that the weight of reason and authority favors Shrager's argument that its lien passes through the bankruptcy irrespective of its having filed its Proof of Claim in untimely fashion.

Ever since the brief Opinion of the Supreme Court in *Long v. Bullard,* 117 U.S. 617, 621, 65 S.Ct. 917, 918, 29 L.Ed. 1004 (1886), it has consistently been held that "security [of a secured creditor] [is] preserved notwithstanding the bankruptcy of his debtor." Thus, citing *Long* and a host of other Supreme Court decisions, the Court of Appeals for the Seventh Circuit squarely held in *In re Tarnow,* 749 F.2d 464, 465 (1984), that the late filing of a Proof of Claim in a Chapter 11 case, while preventing the tardy claimant from participating in the distribution contemplated by the Debtor's Chapter 11 Plan, did not justify the extinction of the secured creditor's lien. The *Tarnow* court reasoned thusly: "The destruction of a lien is a disproportionately severe sanction for a default that can hurt only the defaulter." *Id.*

Our Court of Appeals has held, in the context of a Chapter 7 case, that "although an underlying debt is discharged in bankruptcy, the lien created before bankruptcy against property to secure that debt survives." *Estate of Lellock v. Prudential Insurance Co.,* 811 F.2d 186, 188 (3d Cir. 1987). Thus, "[a secured creditor's] filing of a proof of claim [is] not necessary to preserve its status as a secured creditor if in fact it held valid pre-bankruptcy liens." *In re Andrews,* 22 B.R. 623, 625 (Bankr.D. Del.1982). *Accord, e.g., In re Weathers,* 15 B.R. 945, 949 (Bankr.D.Kan.1981).

The same reasoning has been applied in many Chapter 13 cases. *See, e.g., In re Owens,* 67 B.R. 418, 425 (Bankr.E.D.Pa. 1986); *In re Bradshaw,* 65 B.R. 556, 557–58 (Bankr.M.D.N.C.1986); and *In re Work,* 58 B.R. 868, 869–70 (Bankr.D.Ore.1986).

The Trustee here virtually conceded this issue until it was resuscitated by the Creditors' Committee. In its Brief, the Committee cites two cases which purportedly support a contrary position, *In re Wise,* 41 B.R. 51 (Bankr.W.D.La.1984); and *In re Yoder Co.,* 29 B.R. 299 (Bankr.N.D.Ohio 1983). Also, the Committee, in arguing the point, suggested that, although it was quite aware of the principle that a secured creditor's lien survives even if the creditor fails to file a Proof of Claim in a Chapter 7 or a Chapter 13 case, this rule should not be applicable in a Chapter 11 case.

*Yoder* is totally inapposite. It merely holds that, in a Chapter 11 case, a creditor whose claim is listed as "disputed," must file a Proof of Claim to participate as a creditor in the proceedings.

The decision in *Wise* does appear to support the Committee's position. However, we note that the Opinion includes no citations, and hence appears to evince a lack of awareness of, rather than attempting to distinguish, the long-standing principles which cut to the contrary. Therefore, we are not prepared to follow *Wise* and reject the reasoning of the Court of Appeals in *Tarnow*.

Finally, we can conceive of no reason why a secured creditor in a Chapter 11 proceeding should be treated more harshly than his counterpart in a Chapter 7 or a Chapter 13 case. The Code requirement that a creditor in a Chapter 11 case need not even file a Proof of Claim to share in the reorganization Plan unless his claim is scheduled as disputed, contingent, or unliquidated, see 11 U.S.C. § 1111(a); and *In re Crouthamel Potato Chip Co.*, 786 F.2d 141 (3d Cir.1986), would suggest, if anything, that a secured creditor's claim is less likely to be affected in cases brought under Chapter 11 than those maintained under Chapter 7 and 13. It should, in our view, be more difficult to eliminate the security interest of a creditor whose claim is subject to other than automatic recognition only because it is classified as disputed, contingent, and unliquidated than in a Chapter 7 or Chapter 13 case, where a creditor always has the affirmative responsibility to file a Proof of Claim in a short time-span if he wishes to participate in the reorganization. *Compare In re Pigott*, 684 F.2d 239, 242–44 (3d Cir.1982) (Act case); *Owens, supra*, 67 B.R. at 423 (Chapter 13 case); and *In re Ryan*, 54 B.R. 105, 106 (Bankr.E. D.Pa.1986) (Chapter 7 case).

We are therefore compelled to reject the arguments of the Creditors' Committee and hold that Shrager's judgment lien, now stipulated to be non-avoidable as a non-preferential transfer in the amount of $27,-346.17, does indeed pass through the bankruptcy and hence attaches as a valid lien against the proceeds from the sale of the Debtor's realty despite the failure of Shrager to file a timely Proof of Claim.

Having decided what we understand is the last issue delaying distribution of the sale proceeds realized from the sale of the Debtor's realty, we are entering an Order setting forth a schedule of proceedings which we believe will bring these matters to a conclusion.